UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------X
RICARDA GODINEZ-TORRES,

                Plaintiff,

-against-

THE UNITED STATES OF AMERICA

                Defendant.
---------------------------------------------X

VERIFIED COMPLAINT

**Civil Action No.:**

Plaintiff, by her attorneys, ALBERT W. CHIANESE & ASSOCIATES, PC, complaining of the defendants herein, respectfully shows to this Court and alleges as follows:

## AS AND FOR A FIRST CAUSE OF ACTION
## ON BEHALF OF THE PLAINTIFF, RICARDA GODINEZ-TORRES

FIRST: At all times hereinafter mentioned, the plaintiff was and still is a resident of the County of Kings, State of New York.

SECOND: At all times hereinafter mentioned the defendant the UNITED STATES OF AMERICA was and still is a domestic public corporation duly organized and existing under the constitution of the UNITED STATES OF AMERICA and by virtue of the laws of the UNITED STATES OF AMERICA.

THIRD: At all times hereinafter mentioned the Department of Health and Human Services is a department and/or division of the UNITED STATES OF AMERICA.

FOURTH: At all times hereinafter mentioned the SUNSET PARK HEALTH COUNCIL INC. d/b/a LUTHERAN FAMILY HEALTH CENTERS was a department/division of the Department of Health and Human Services and the

1

UNITED STATES OF AMERICA.

FIFTH: That at all times hereinafter mentioned, DR. MICHAEL S. SOLE, D.D.S. was an employee of the Sunset Park Health Council, Inc. d/b/a LUTHERAN FAMILY HEALTH CENTERS at all times relevant hereto and therefore a federal employee pursuant to the Federal Tort Claims Act 28 USC Sec. 2671 and therefore an employee of the defendant United States of America and was and still is a dentist duly licensed to practice dentistry in the State of New York.

SIXTH: Upon information and belief, at all times hereinafter mentioned, DR. MICHAEL S. SOLE, D.D.S., a federal employee was a dentist with operating and/or treatment privileges at the premises of the Sunset Park Health Council located at the premises of the LUTHERAN FAMILY HEALTH CENTERS.

SEVENTH: Upon information and belief, at all times hereinafter mentioned, DR. MICHAEL S. SOLE, D.D.S., a federal employee held himself out to the public and, more particularly, to the plaintiff herein, as possessing the proper degree of learning and skill incident to the practice of dentistry and undertook to use reasonable care and diligence in the dental treatment of the plaintiff.

EIGHTH: That upon information and belief, the plaintiff sought the professional services of the defendant on October 1, 2009 and continued under their care until June 27, 2012.

NINTH: That the defendant herein were employed by the plaintiff herein to treat those dental conditions with which the plaintiff presented herself with to the defendant and that the defendant undertook to treat the plaintiff in a skillful and competent manner.

TENTH: That the defendant in attempting to treat the plaintiff's dental conditions, did so in a negligent, unskillful and careless manner so as to cause

personal injury, pain, suffering and other attendant damage to the plaintiff herein.

ELEVENTH: That pursuant to the Federal Tort Claims Act § 28 USC Sec. 1346(b), 2401(b) and 2671-2680, on September 11, 2013 plaintiff filed an administrative Tort Claim with the Department of Health and Human Services of the defendant United States of America and that administrative tort claim was denied on December 24, 2013, pursuant to 28 USC Sec 2401 (b), 2675(a).

THIRTEENTH: That pursuant to 28 U.S.C. Sec 2401(b) plaintiff may file suit against the United States within (6) months of the date of said denial. That said denial is attached as an exhibit hereto.

FOURTEENTH: That the defendants by the actions of DR. MICAHEL S. SOLE was negligent, unskillful and incompetent in that, upon information and belief, they failed to properly and adequately diagnose the plaintiff's dental condition; in failing to take the proper tests and/or x-rays to treat the plaintiff's condition or, in the event such tests and/or x-rays were taken, in failing to use the requisite skill and/or judgment to diagnose and treat the plaintiff's dental condition; in treating the plaintiff herein in a negligent and incompetent manner; in extracting the plaintiff's teeth in a negligent and incompetent manner; in causing the plaintiff to sustain paraesthesia, anesthesia and dysesthesia of the right tongue; in extracting the plaintiff's tooth #32 in a negligent and incompetent manner; in causing a traumatic injury to right lingual nerve; in suturing the area of plaintiff's tooth #32 in a negligent and incompetent manner in causing the plaintiff to sustain paraesthesia, anesthesia and dysesthesia of the right tongue; in causing the plaintiff to require prescription pain medication; in causing the need for immediate and future extensive restorative surgery; in causing the plaintiff to sustain permanent nerve damage; and in causing the plaintiff to suffer serious and

permanent injury and discomfort.; in failing to inform the plaintiff of her dental conditions; in improperly and inadequately treating the aforementioned condition; in performing dental treatment which was beneath the standard of care; and in failing to refer the plaintiff to the necessary specialists for treatment of her dental conditions, both pre operatively and post operatively and in causing the plaintiff to suffer serious and permanent injury.

FIFTEENTH: That as a result of the aforementioned negligent treatment rendered by the defendants to the plaintiff, **RICARDA GODINEZ-TORRES**, the plaintiff was caused to sustain severe pain and suffering and permanent and serious injury, as well as humiliation, embarrassment and an inability to pursue her normal social activities and interests, all causing severe injury to the plaintiff, she has and will continue to expend diverse sums of money for the care and treatment of said injuries, all to her damage in a sum of $2,000,000.00 Two Million Dollars..

### AS AND FOR SECOND CAUSE OF ACTION
### ON BEHALF OF THE PLAINTIFF, RICARDA GODINEZ-TORRES

SIXTEENTH: The plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs "FIRST" through "FIFTEENTH" as if more fully and completely pleaded herein.

SEVENTHEETH: The treatment and surgery performed by the defendants upon the plaintiff, RICARDA GODINEZ-TORRES, was a non-emergency treatment, procedure and surgery and, as such, was elective in nature.

EIGHTEENTH: That the defendants did fail to advise the plaintiff, RICARDA GODINEZ-TORRES, of the alternatives to said professional treatment and the defendant failed to advise the plaintiff of the reasonably foreseeable benefits,

risks and complications involved as reasonable dental practitioners would have disclosed, in failing to provide appropriate information in such a manner permitting the plaintiff to make a knowledgeable evaluation concerning said treatment.

NINETEETHN: The plaintiff, RICARDA GODINEZ-TORRES, was injured by the defendants in that had the plaintiff been fully informed, the plaintiff, or a reasonably prudent person in the plaintiff's position, would not have undergone the treatment, procedure and surgery and that failure of the defendants to properly inform the plaintiff herein has caused her to sustain a severe personal injury including, but not limited to, paraesthesia, anesthesia and dysesthesia of the right tongue.

TWENTIETH: That by reason of the foregoing, the plaintiff, RICARDA GODINEZ-TORRES, has been damaged in a sum of $2,000,000.00 Two Million Dollars.

WHEREFORE, the plaintiff demands judgment of the defendants on the First and Second Causes of Action in a sum of $2,000,000.00 Two Million Dollars, together with all costs and disbursements incurred by her by reason of this action.

Dated: Rockville Centre, New York
February 21, 2014

Yours, etc.

ALBERT W. CHIANESE, ESQ.
ALBERT W. CHIANESE & ASSOCIATES, PC
*Attorneys for Plaintiff*
100 Merrick Road, Suite 103E
Rockville Centre, New York 11570
(516) 599-2020

## ATTORNEY VERIFICATION

STATE OF NEW YORK)
                 ) ss:
COUNTY OF NASSAU )

      I, the undersigned attorney duly admitted to practice in the Courts of this State, state that I am ALBERT W. CHIANESE one of the attorneys for the Plaintiffs in the within action; I have read the SUMMONS, VERIFIED COMPLAINT and CERTIFICATE OF MERIT 3012(a) and know the contents thereof; that the same is true of my own knowledge except as to the matters which are stated therein to be alleged on information and belief, and as to those matters I believe it to be true. The sources of my information and belief as to all matters not stated upon my own knowledge are as follows: All investigation and contents contained within the file maintained by my office.

      The reason this Verification is made by affirmant and not by the plaintiff is because the plaintiff resides in a county other that where I maintain my office.

      The undersigned affirms that the foregoing statement is true, under penalties of perjury.

Dated: Rockville Centre, New York
       February 21, 2014

                                                       ALBERT W. CHIANESE, ESQ.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------X
RICARDA GODINEZ-TORRES,

              Plaintiff,

   -against-

THE UNITED STATES OF AMERICA

             Defendants.
------------------------------------------X

**CERTIFICATE OF MERIT 3012A**

**Civil Action No.:**

ALBERT W. CHIANESE, an attorney duly licensed to practice law in the State of New York and a partner in the law firm of ALBERT W. CHIANESE & ASSOCIATES, P.C. does hereby affirm the following under the penalties of perjury:

    I have reviewed the file and facts of this case and have consulted with a dentist licensed to practice dentistry in the State of New York.

    I reasonably believe that said dentist is knowledgeable in the relevant issues involved in this action.

    I have further concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of this action.

Dated: Rockville Centre, New York
       February 21, 2014

                                      ALBERT W. CHIANESE

Exhibit I

**DEPARTMENT OF HEALTH & HUMAN SERVICES**

OFFICE OF THE GENERAL COUNSEL
General Law Division

330 Independence Avenue, S.W., Room 4760
Mail Stop: Capitol Place
Washington, D.C. 20201

DEC 24 2013

**CERTIFIED - RETURN**
**RECEIPT REQUESTED**

Albert W. Chianese, Esquire
Albert W. Chianese & Associates, P.C.
100 Merrick Road
Suite 103E
Rockville Centre, New York 11570

     RE: Administrative claim of:   Ricarda Godinez-Torres    2013-0549

Dear Mr. Chianese:

On September 11, 2013, you filed an administrative tort claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2401(b) and 2671-2680, on behalf of your client, Ricarda Godinez-Torres, alleging, *inter alia*, that employees at the Sunset Park Health Council, Inc., d/b/a Lutheran Family Health Centers, in Brooklyn, New York, provided negligent dental treatment to Ms. Godinez-Torres on May 16, 2012, during a surgical extraction of a lower right wisdom tooth.

The FTCA authorizes the settlement of any claim of money damages against the United States for, *inter alia*, injury or death caused by the negligent, or wrongful, act or omission of any employee of the Federal Government, while acting within the scope of employment. Under the FTCA, said act or omission must be such that the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 2672.

This letter constitutes the notice of final determination on this claim, as required by 28 U.S.C. §§ 2401(b),2675(a). The administrative tort claim is denied. The evidence fails to establish that the alleged injuries were due to the negligent or wrongful act or omission of a federal employee acting within the scope of employment. Additionally, please be advised that Dr. Jeffrey J. Koelmel was not covered by the FTCA at the time of this incident.

If your client is dissatisfied with this determination, she may:

1. file a written request with the agency for reconsideration of the final determination denying the claim within six (6) months from the date of mailing of this determination (28 C.F.R. § 14.9); or

Albert W. Chianese, Esquire
Page 2

2. file suit against the United States in the appropriate federal district court within six (6) months from the date of mailing of this determination (28 U.S.C. § 2401(b)).

In the event your client requests reconsideration, the agency will review the claim within six (6) months from the date the request is received. If the reconsidered claim is denied, your client may file suit within six (6) months from the date of mailing of the final determination.

Sincerely,

*William A. Biglow (MTR)*

William A. Biglow
Acting Deputy Associate General Counsel
Claims and Employment Law Branch

UNITED STATES DISTRICT COURT    EASTERN DISTRICT OF NEW YORK
CV NO.:

RICARDA GODINEZ-TORRES,

                              Plaintiff(s)

    -against-

UNITED STATES OF AMERICA

                              Defendant(s).

## SUMMONS, VERIFIED COMPLAINT and CERTIFICATE OF MERIT 3012(a)

ALBERT W. CHIANESE & ASSOCIATES, P.C.

*Attorney(s) for*    Plaintiff(s)

*Office and Post Office Address, Telephone*

100 MERRICK ROAD
SUITE 103E
ROCKVILLE CENTRE, NY 11570
Tel. (516) 599-2020

To

Signature (Rule 130-1.1-a)

Print name beneath ALBERT W. CHIANESE, ESQ.

Service of a copy of the within is hereby admitted.

Dated: _____

Attorney(s) for

**PLEASE TAKE NOTICE:**

☐ **NOTICE OF ENTRY**

that the within is a *(certified)* true copy of a
duly entered in the office of the clerk of the within named court on

☐ **NOTICE OF SETTLEMENT**

that an order                                          of which the within is a true copy
will be presented for settlement to the HON.           one of the judges of the
within named Court, at
on                          at              M.
Dated,

Yours, etc.

ALBERT W. CHIANESE & ASSOCIATES, P.C.